UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KING'S GYM COMPLEX, INC., doing business as,
KING'S ATHLETIC CLUB,

                              Plaintiff,              6:05-CV-1591

              vs

PHILADELPHIA INDEMNITY INSURANCE CO.

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

GUSTAVE J. DeTRAGLIA, JR., ESQ.
Attorney for Plaintiff
1425 Genesee Street
Utica, New York 13501

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.        MARK L. ANTIN, ESQ.
Attorneys for Defendant
6 Campus Drive
Parsippany, NJ 07054

DAVID N. HURD
United States District Judge

## MEMORANDUM DECISION and ORDER

## I. INTRODUCTION

        Plaintiff King's Gym Complex, Inc. ("plaintiff" or "King's Athletic Club") brings a

breach of contract action against defendant Philadelphia Indemnity Insurance Co.

("defendant" or "Philadelphia") for breaching the terms of its insurance policy.  The action is

maintained after removal from state court pursuant to federal diversity jurisdiction.

Defendant now moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint.  Plaintiff

opposes.  Oral argument was heard on May 12, 2006, in Utica, New York.  Decision was

reserved.  Thereafter, the parties were granted leave to file brief supplemental papers, which were received and considered in the disposition of the instant motion.

## II. <u>FACTS</u>

On November 13, 2003, a severe windstorm passed through Webster, New York causing damage to the roof of the King's Athletic Club and water damage to parts of its interior.  Plaintiff hired professional loss consultant Mr. Eric Walter of GAB Robins to assist it in filing a claim with its commercial insurer, Philadelphia.  On October 13, 2004, Mr. Walter wrote to Philadelphia on plaintiff's behalf:  "Please be advised that the insured intends to make claim on replacement cost basis for the involved property in accordance with the terms and conditions of the policy contract."  (Docket No. 7, Walter Aff. Ex. E.)  The letter also clarified that the policy's two-year statute of limitations for filing a claim would expire on November 13, 2005.  <u>Id</u>.

King's Athletic Club's policy provides for three types of coverage; building damage, business personal property, and loss of business income as an "extra expense."  As to loss of business income, the policy provides:  "We will pay for the actual loss of Business income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.'"  (Walter Aff. Ex. G at 1.)

In the event of loss, the policy requires the insured to notify the police (if applicable) and Philadelphia of the loss or damage, take the appropriate actions to avoid further damage, and permit inspection of the property.  <u>Id</u>. at 3-4.  In addition, within sixty days after Philadelphia requests information in order to investigate the claim, the insured must send Philadelphia a signed, sworn "proof of loss" containing the information it requests.  <u>Id</u>. at 4. The policy states that Philadelphia will supply the insured with the necessary forms.  <u>Id</u>.   The

policy also contains a "cooperation clause" wherein the insured agrees to "cooperate with [Philadelphia] in the investigation or settlement of the claim."  Id.

Philadelphia paid more than $190,000 on plaintiff's claim(s): $116,298.00 to cover damage to the building's roof, walls and partial damage to the track; $45,562.50 to cover roof insulation, interior barricades and costs of moving gym equipment;  $9,846.87 to cover damage to ceiling tiles, carpeting and light fixtures; and $21,284.12 for additional damages to indoor track and adjacent floor coverings.  (Walter Aff. Ex. A, B, D, F.)  Payments for building damage were paid by July 2, 2004.  The record contains copies of the proofs of loss plaintiff submitted in support of the property damage claim(s).  However, it is not disputed that plaintiff did not submit any documentation of proof of loss in relation to potential business loss during the repair of the roof.

The nature of the communication between the parties regarding a claim for loss of business income is disputed.  However, it is clear that the defendant became aware that the insured's principal, Mr. Steven Barry, was concerned that the installation of the new roof would result in a loss of business income.  A meeting between Mr. Barry, Mr. Walter and Mr. Dan Wright of Kriegstein, Kim & Wright ("KK&W"), an accounting firm hired by the defendant to manage the business loss claim, was arranged to discuss the matter on August 18, 2004. Mr. Barry cancelled the meeting and it was never rescheduled.

KK&W wrote a total of ten letters in an effort to obtain information and/or prompt a discussion regarding a business loss claim.  Plaintiff failed to respond.  The final letter dated June 29, 2005, explained that the file was to be deemed inactive.  It also explains:  "We will assume that you no longer wish to place a claim of business interruption on King's Athletic

Club.  If you still wish to place a claim, please contact us at your earliest convenience."
(Walter Aff. Ex L.)

        This action was commenced on November 9, 2005, four days short of the
expiration of the policy's two-year statute of limitations.  The complaint lists one cause of
action for breach of the insurance policy.  Plaintiff alleges that it performed all of the terms
and conditions required under the policy:  "Within 60 days of the request by the defendant,
. . . plaintiff delivered the sworn proof of loss to said defendant in accordance with the terms
and conditions of the insurance policy."  (Complaint ¶ ¶ 10, 11.)  Plaintiff further asserts that
the defendant "failed and refused to comply with the requirements of the policy of insurance
with regard to business interruption, loss of use and incidental and consequential damages,
. . . [has] breached the policy . . . without legitimate cause or reason and therefore has failed
and has refused to pay the aforesaid sum to the plaintiff."  Id. ¶ 12.  Plaintiff claims that the
payments received constitute a partial payment on its claim -- a payment for building and
contents, but a balance is due for business losses.  Plaintiff seeks $150,000 for losses to
date and additional amounts as may continue to accrue.  Id. ¶ 14.

        As noted, the parties disagree as to the legal categorization of the other's conduct
regarding the filing of the business loss claim.  Defendant disputes plaintiff's contention that
an actual claim for business loss was submitted.  Thus, on February 3, 2006, defendant
wrote plaintiff and explained, "we have been unable to locate any indication that the insured
has actually filed a specific monetary claim for loss of business income or other damages, as
alleged in the complaint."  (Docket No. 7, Antin Aff. Ex. C.)

        Plaintiff maintains that a claim was filed and characterizes defendant's attempts to
dismiss the civil complaint as a rejection of the business loss claim for failure to provide proof

of loss.  As plaintiff points out, under N.Y. Ins. Law § 3407, the failure to produce proof of loss will not invalidate a claim unless the insurer provides the insured with written notice and blank forms -- a demand.  Plaintiff argues that the defendant did not provide the plaintiff with a legally sufficient demand -- specifically, no blank forms were provided.  In that vein, by letter dated March 8, 2006, plaintiff replied:

> You have raised the question of never having received a claim with regard to the business income and extra expense coverage. . . There's nothing in the policy, other than the 2 year time frame in which to make a claim. Outline the terms of the policy that you claim the insured failed to comply with.  The company has demanded proof of loss with regard to the business income and extra expense.  Please forward a copy of your company's demand for proof of loss.

(Antin Aff. Ex. E.)

Philadelphia replied by letter dated March 13, 2006, that there can be no business loss without a suspension of business and explained that it was under the impression that the repairs had not been started.  (Antin Aff. Ex. F.)  Defendant inquired as to the progress of the restoration.  Thereafter, the defendant noted the letters sent, the cancelled meeting, and pointed out that "[a]ll other efforts on behalf of Philadelphia to obtain a claim and supporting documentation have been to no avail."  Id.  Plaintiff responded that the action was properly filed within the two-year time limit and added that "[t]he insured needed time to get the repairs done and experienced [sic] the amount of business loss before he could commence a claim."  (Antin Aff. Ex. G.)[1]

---

[1] Under the terms of the policy, the filing of this action cannot be considered a filing of a business loss claim.  In fact, the complaint does not allege that the plaintiff's business has ever required restoration, the period of restoration, or the details of the actual loss of business income.

## III.  DISCUSSION

### A.  Fed. R. Civ. Prov. 12(b)(1) Standard

When assessing a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  However, the court must refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  Courts deciding Rule 12(b)(1) motions are not limited to the face of the complaint but "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).  As such, the Court may "decide for itself the factual issues which determine jurisdiction." Brown v. American Legion Cortland City Post, 64 F. Supp. 2d 96 (N.D.N.Y. 1999).  The party asserting that the court has subject matter jurisdiction bears the burden of proving the court's jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Overton v. New York State Div. of Military & Naval Affairs, 373 F.3d 83, 93 (2d Cir. 2004).

### B.  Justiciable Dispute

The defendant moves for dismissal of the complaint for lack of subject matter jurisdiction, arguing that the dispute is not ripe for adjudication considering that plaintiff failed to submit a claim and it therefore it never rejected a claim.  If plaintiff failed to submit a claim, then a claim was not -- could not -- have been denied, and the dispute is not ripe for adjudication.  See  Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp. 2d 293, 295 (S.D.N.Y. 2003) (dismissing breach of contract actions where plaintiff failed to

submit proof of loss);  Brooklyn Hosp. Ctr. v. Westport Ins. Corp., 03 Civ. 5190 (BSJ), 2004 U.S. Dist. LEXIS 6931, at *9 (S.D.N.Y. April 21, 2004) (same).  "Ripeness is jurisdictional in nature and therefore properly considered on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules."  Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp. 2d 293, 294 (S.D.N.Y. 2003) (citing Fed. R. Civ. P. 12(b)(1)); Auerbach v. Board of Educ., 136 F.3d 104, 108 (2d Cir. 1998) ("Federal courts may adjudicate only those 'real and substantial controvers[ies] admitting of specific relief . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts" (citations omitted)).

Accordingly, the instant motion requires a determination as to whether or not plaintiff actually submitted a claim for loss of business income.  It is acknowledged that "[i]t is well settled that 'provisions in an insurance contract for furnishing notice and proof of loss are to be liberally construed in favor of the insured' and 'substantial and not strict compliance with the provisions of such forms is all that is required.'"  Turkow v. Erie Ins. Co., 20 A.D.3d 649, 650 (N.Y. App. Div. 2005) (citing P.S. Auctions v Exchange Mut. Ins. Co., 105 A.D.2d 473, 474-475, 480 N.Y.S.2d 610 (1984);  SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 01 Civ. 9291 (MBM), 381 F. Supp. 2d 250, 259-260 (S.D.N.Y. June 8, 2005).  Even if applying the liberal, substantial compliance standard to the plaintiff's conduct, plaintiff has not demonstrated that it filed a business loss claim.

As noted above, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Shipping Fin.

Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton, 266 U.S. at 515.)  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).

First, plaintiff argues that there is no requirement in the policy to present a claim, except to file it within two years.  (Docket No. 8, DeTraglia Aff. ¶ 12.)  Plaintiff apparently attacks the lack of specificity in the policy for exactly how a claim must be submitted.  This argument is disingenuous.  The issue of proper submission of a claim in the instant action does not involve any confusion on the part of the plaintiff as to how to provide notice to the defendant.  Plaintiff clearly managed to submit claims and provide sufficient proof of loss of such claims pursuant to the defendant's policy.  It has received payment as to property damage.  See Walter Aff. Ex. E.

Second, despite plaintiff's attempt in the complaint to characterize its original claim as stating claims under all three types of coverage under the policy, plaintiff has only demonstrated that it filed the property loss claim(s), not the business loss claim.  (Walter Aff. Ex. E.)  Plaintiff has not provided any documentation or other evidence of notice of a business loss claim and there is no reason to infer that the claim was filed in conjunction with the other property claims.  The letter noting the filing of the claim specifies only that the submitted claim would be filed on a replacement cost basis.  Id.  Thereafter, the record contains the proofs of loss filed in relation to those paid claims, a demonstration that both parties addressed the actually-submitted claims.

However, both parties' conduct demonstrates that the business loss claim was never submitted.  As to the defendant's conduct, its efforts to handle their account with the plaintiff reveal their anticipation of a claim, not the disposition of one.  See e.g., Walter Aff. Ex L (informing plaintiff "if you still wish to place a claim. . . "); Antin Aff. Ex G. (referring to its "efforts to obtain a claim"); Walter Aff. Ex. J ("if you wish to pursue any additional "extra Expense" or Business Income claim. . ."). Defendant's conduct in anticipation of a claim does not translate into a de facto receipt of a claim.

Plaintiff's conduct demonstrates a complete lack of interest in addressing a business loss claim.  Mr. Barry cancelled and never rescheduled a meeting to address a possible claim.  He ignored a total of ten letters regarding the submission of a claim.  Such conduct is inconsistent with an intent to assert a claim.  Indeed, plaintiff conducted itself as if it did not owe the defendant any explanation of a claim it had not yet filed.

Third, the finding that plaintiff did not submit a claim is bolstered by the fact that plaintiff had not begun roof repairs nor suffered any business losses at the time it filed this action.  Plaintiff has not disputed that despite having received the funds in July 2004,  it had not repaired its building as of March 2006, and thus its business was never suspended. (Walter Aff. ¶ 26.)  As plaintiff conceded in corresponding with the defendant, it needed to experience a loss before filing a claim.  (Antin Aff. Ex. G.)

Finally, King's Athletic Club seems to argue that the instant motion to dismiss constitutes a denial of a submitted claim and that New York Insurance Law applies in its defense.  Plaintiff argues that the defendant seeks to avoid payment by arguing that plaintiff failed to submit a proof of loss, not the claim itself.  If, for the sake of argument, it was

credited that plaintiff submitted a claim and the defendant sought to avoid payment by claiming that plaintiff failed to submit the proper proof of loss then, pursuant to N.Y. Ins. Law § 3407, the next query would be to ask whether or not the defendant presented plaintiff with a proper demand for proof of loss. See Hernandez v. New York Property Ins. Underwriting Asso., 121 Misc. 2d 754, 755 (N.Y. Misc. 1983).

New York "Insurance Law § 3407 provides that the failure to produce proof of loss will not invalidate the claim unless the insurer gives a written notice and a blank form." Bailey v. Nationwide Mut. Fire Ins. Co., 133 A.D.2d 915, 916-917 (N.Y. App. Div. 1987); Arthur I. Fishman, Inc. v. Hanover Ins. Co., 93 Civ. 5515, 1994 U.S. Dist. LEXIS 9765, at * 4-9 (S.D.N.Y. July 19, 1994).  "The purpose of Insurance Law § 3407 is the protection of the insured from the consequences of oversight in failing to timely file a proof of loss which is a condition precedent to recovery." Id. (citing Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 N.Y.2d 201, 216 470 N.E.2d 858, 481 N.Y.S.2d 60 (1984)).  It is true that the defendant has not demonstrated that it provided plaintiff with blank forms for filing its proof of loss on the business claim as required by N.Y. Ins. Law § 3407.

But the jurisdictional question here does not turn on whether the defendant's demand was legally sufficient, rather whether or not plaintiff filed a claim.  Only if it was determined that plaintiff submitted a claim,  would it have be to determined whether the denial was proper under N.Y. Ins. Law § 3407.   Plaintiff has the burden to prove jurisdiction and, here, that means it must demonstrate that it filed a claim for business losses.  It has not demonstrated that fact, therefore  is not necessary to engage in an evaluation of the

defendant's conduct.  Plaintiff's arguments regarding the sufficiency of the defendant's demand are unavailing.

Plaintiff has not provided any documentation or other evidence to support a finding that it submitted a business loss claim.  In the absence of such proof, plaintiff's refusal to communicate and/or cooperate regarding its anticipated business losses undermines an inference that it filed a claim.[2]

## V. CONCLUSION

Plaintiff did not demonstrate that it submitted a claim for business losses.  As it did not submit a claim, the defendant did not deny the claim, and there is no justiciable controversy. Subject matter jurisdiction is lacking and the complaint must be dismissed.

Accordingly, it is

ORDERED that

1.  Defendant Philadelphia Indemnity Insurance Company's motion to dismiss the complaint for lack of subject matter jurisdiction is GRANTED; and

2.  The complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly.


Dated:  June 16, 2006
        Utica, New York.

David N. Hurd
District Judge

---

[2]  It must be noted that this ruling is not on the merits.  If and when the plaintiff files a claim for business losses and the defendant rejects that claim, a justiciable controversy would probably exist.  The defendant might defend on the failure to file within two years.  The plaintiff might counter that it never received the demand notice and forms for business losses as required under the policy.